RECEIVED
IN ALEXANDRIA, LA
JUN 17 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| STANTON EASLEY | CIVIL ACTION NO. 04-2267-A |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE LITTLE |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is Stanton Easley's *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) filed herein on November 5, 2004. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana where he is serving consecutive hard labor sentences totaling 180 years imposed following his August 14, 2000 felony convictions in the Seventh Judicial District Court, Concordia Parish, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum, and exhibits establish the following:

1. On August 14, 2000, petitioner entered guilty pleas to two counts of armed robbery and one count of possession of a firearm by a convicted felon. Petitioner waived the delays for sentencing and was on that same date sentenced to serve 85 years on each armed robbery count and 10 years on the firearm charge. The court ordered that the sentences be served consecutively. [See Doc. 1, Exhibits, Court Minutes, Plea Transcript]

2. Petitioner did not appeal his conviction or sentences.[Doc. 1, paragraph 6]

3. On some unspecified date petitioner filed a "Motion to Correct an Illegal Sentence" in the Seventh Judicial District Court. Petitioner alleged therein that his guilty pleas were not knowingly and intelligently entered, that the trial court failed to determine whether or not there was a factual basis for the pleas, and that the trial court failed to advise petitioner of the essential elements of the offenses. [Doc. 1, Exhibits, Motion]

4. On February 26, 2003, the court convened a hearing on petitioner's motion. At the conclusion of the hearing the trial court denied the motion stating,

> Mr. Easley, you haven't made any specific allegation. All you made are generalities, like saying this is this and this doesn't do this. You do not point to any specific area of the transcript or anything that the Court can hang its hat on to agree with you. For those reasons, the Court is denying your application. You're excused ... In addition to the objection of the State on the basis of timeliness, of course, that was a proper objection – and the State actually – I didn't rule on that but my ruling would be – I more or less ruled on the merits. But the matter could have been pretermitted because the State's position was correct in that regard also. It was untimely filed. [Doc. 1, Exhibit, Transcript of Hearing at p. 4]

5. On April 9, 2003 petitioner filed an application for writ of review in the Third Circuit Court of Appeals. Among other things, petitioner argued that the trial court erred when it dismissed his motion to correct an illegal sentence as being an untimely filed Application for Post-Conviction Relief. [Doc. 1, Exhibits, Writ Application]

6. The writ application was denied on July 28, 2003 by the Third Circuit Court of Appeals. [Doc. 1, Exhibits, "*State v. Easley,*" No. KH-03-00493 (La. App. 3d Cir. 7/28/2003).]

7. On August 18, 2003, petitioner applied for writs with the Louisiana Supreme Court.

[Doc. 1, Exhibits, Writ Application]

8. On September 24, 2004, the Supreme Court denied writs citing La. C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189; *State v. Parker*, 98-0256 (La. 5/8/98), 711 So.2d 694. [Doc. 1, Exhibits, writ denial].

9. Petitioner's undated federal habeas corpus petition was post-marked November 4, 2004 and received and filed in this court on November 5, 2004.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith*, 142 F.3d 832, 834, citing *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that

---

[1] Petitioner has not suggested, nor do the pleadings themselves suggest, that the period of limitations should be reckoned from a date other than the date of finality of judgment. He has not alleged, nor do the pleadings suggest, the existence of any state created impediments which prevented the filing of her federal habeas corpus petition. He has not alleged, nor do the pleadings suggest that he is relying on a constitutional right newly recognized by the United States Supreme Court. Finally, he has not alleged, nor do the pleadings suggest the recent discovery of the factual predicate of his claims. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D).]

the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson,* 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

As shown above, petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], on or about August 21, 2000.[2] Under 28 U.S.C. § 2244(d)(1) he had one year, or until August 21, 2001 to file his federal *habeas* petition.

The record before the court does not establish when petitioner filed his Motion to Correct

---

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on August 14, 2000, a Monday. The five day delay for filing an appeal commenced on Tuesday, August 15. Saturday, August 19 and Sunday, August 20, 2000 were legal holidays. The five day period for taking an appeal ended on Monday, August 21, 2000. Therefore, petitioner's judgment of conviction and sentence became final, at the latest, on that date.

an Illegal Sentence. It is unlikely that he filed it prior to August 21, 2001 in light of the fact that the matter was not resolved until February, 2003. In all probability the pleading was filed sometime after August 21, 2001, and if that is so, petitioner cannot rely upon the statutory tolling provisions of 28 U.S.C. §2244(d)(2) because by the time he filed his Motion, the limitations period had already expired and could not be revived. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson,* 154 F.3d 196, 197 (5th Cir.1998).

In any event, and as shown above, the Louisiana Supreme Court determined that petitioner's Motion to Correct an Illegal Sentence was in fact an untimely Application for Post-Conviction Relief. That court denied writs citing La. C.Cr.P. art. 930.8 which provides in part, "No application for post-conviction relief...shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final..." This finding by Louisiana's Supreme Court establishes that at least two years lapsed between the date of conviction and the date petitioner filed his Motion to Correct an Illegal Sentence.

The Supreme Court also cited *State ex rel. Glover v. State,* which holds, among other things, that in reviewing the judgment of a trial court on an untimely application for post-conviction relief, the Louisiana appellate courts are not precluded from denying relief on the basis of the time bar for such applications, even when the trial court has reached the merits of the case. *Glover,* 660 So.2d at 1201-02.

Further, the Supreme Court cited *State v. Parker,* another Louisiana Supreme Court case which held, that a Motion to Correct an Illegal Sentence must point to some specific illegal term with respect to the sentence, therefore a Motion which points to no specific illegality in sentence and which instead raises trial error must be construed as an application for post-conviction relief

and is subject to the limitations period of art. 930.8 and not the unlimited period provided by art. 882. See *Parker*, 711 So.2d at 695.

Thus, based on the foregoing, it is clear that the Louisiana Supreme Court determined that petitioner's "Motion to Correct an Illegal Sentence" was in fact an Application for Post-Conviction Relief and subject to the limitations period of art. 930.8. Since the pleading was ultimately dismissed as time-barred, it could not serve as a "properly filed application for State post-conviction or other collateral review" so as to toll the limitations period under 28 U.S.C. §2244(d)(2). [See *Pace v. DiGuglielmo*, — U.S. —, 125 S.Ct. 1807, — L.Ed.3d — (Apr 27, 2005). a recent decision of the United States Supreme Court which held, that a post-conviction petition filed after the state's post-conviction time limit had expired, and which did not fit within any exceptions to the period of limitations, is not a "properly filed" application so as to trigger the tolling provision of Section 2244(d)(2).]

Petitioner cannot rely upon the filing of his Motion to Correct an Illegal Sentence to toll the limitations period of Section 2244(d)(1). That being the case, it clearly appears that more than one un-tolled year has elapsed between the date upon which petitioner's judgment of conviction became final and the date he filed his federal *habeas* petition.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE